[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12299
Non-Argument Calendar
_____

D.C. Docket No. 9:90-cr-08065-JIC-9

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY HATTEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 7, 2015)

Before MARTIN, JULIE CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Timothy Hatten appeals the denial of his motion for recusal of United States District Judge James I. Cohn. Hatten is serving a 360-month sentence after being convicted of two counts of conspiracy to possess cocaine with the intent to distribute and four counts of possession of crack or powder cocaine with the intent to distribute. As he did in his motion for recusal filed in the district court, Hatten argues here that Judge Cohn is required to recuse himself because he entered a series of wrongly decided orders in response to Hatten's earlier motions.

We review the denial of a motion for recusal for an abuse of discretion. United States v. Bailey, 175 F.3d 966, 968 (11th Cir. 1999) (per curiam). We will affirm a judge's refusal to recuse himself unless "the impropriety is clear and one which would be recognized by all objective, reasonable persons." Id.

A district court judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or where "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). The bias "must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." Bailey, 175 F.3d at 968 (quotation omitted). We have previously stated that rulings adverse to a party are not sufficient to show pervasive bias. Hamm v. Members of Bd. of Regents, 708 F.2d 647, 651 (11th Cir. 1983); see also Liteky v. United States, 510 U.S. 540,

2

555, 114 S. Ct. 1147, 1157 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

The district court did not abuse its discretion by denying Hatten's motion for recusal because there is no clear impropriety that would be recognized by all objective, reasonable persons. See Bailey, 175 F.3d at 968. Hatten has not identified any bias stemming from personal or extrajudicial sources. His complaint that Judge Cohn demonstrated bias by issuing adverse decisions—without any showing that those decisions were in fact wrongly decided—is not sufficient to require recusal.

**AFFIRMED.**